UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re: MICHELE NICOLE DURHAM,

    Debtor,                                   Ch. 7 Case No. 2:22bk00990-FMD

_____/

MICHELE NICOLE DURHAM,

    Plaintiff,

v.                                        Adv. Pro. No. 2:23ap00028-FMD

UNITED STATES OF AMERICA
DEPARTMENT OF EDUCATION,

    Defendant.[1]

_____/

## Answer and Affirmative Defenses

Defendant United States of America (on behalf of the Department of Education ("DOE")) Answers Debtor-Plaintiff Michele Durham's Complaint (Doc. 1) and raises an Affirmative Defense.

This pleading tracks the Complaint's numbered paragraphs, but it does not adopt any headings. The Complaint's headings are not allegations to which a response

---

[1] The Complaint sues Navient Solutions, LLC too. Debtor-Plaintiff and Navient, however, filed a stipulated dismissal before the Government appeared. (Doc. 9). If the Government's consent on that stipulation was required, it asks the Court to construe this signed filing as agreement.

is required. If a response is required, Defendant denies any allegations within a heading.

### A.   Answer

1. Defendant lacks knowledge or information to admit or deny the allegations in Paragraph 1. If a response is required, Defendant denies the allegations.

2. Defendant lacks knowledge or information to admit or deny the allegations in Paragraph 2. If a response is required, Defendant denies the allegations.

3. DOE is a department of the Executive Branch of the Federal Government of the United States of America. Defendant denies Paragraph 2 to the extent that it fails to address service on Defendant.

4. No response is required to Paragraph 4 listing a case number. If a response is required, Defendant denies the allegations.

5. Paragraph 5 is a jurisdictional conclusion to which no response is required. If a response is required, Defendant denies the allegations.

6. Paragraph 6 is a jurisdictional conclusion to which no response is required. If a response is required, Defendant denies the allegations.

7. Paragraph 7 is a statement of venue to which no response is required. If a response is required, Defendant denies the allegations.

8. Paragraph 8 includes interpretations and conclusions of law and history to which no response is required. If a response is required, Defendant denies the allegations.

9. Paragraph 9 includes interpretations and conclusions of law and history to which no response is required. If a response is required, Defendant denies the allegations.

10. Paragraph 10 includes interpretations and conclusions of law and history to which no response is required. If a response is required, Defendant denies the allegations.

11. Paragraph 11 includes interpretations and conclusions of law and history to which no response is required. If a response is required, Defendant denies the allegations.

12. Paragraph 12 includes interpretations and conclusions of law and history to which no response is required. It also contains a plea and request for relief to which no response is required. If a response is required, Defendant denies the allegations.

13. Defendant admits only that Debtor-Plaintiff received disbursements from loans guaranteed or made by DOE. As to any other allegations in Paragraph 13, Defendant lacks knowledge or information to admit or deny; if a response is required, Defendant denies them.

14. Defendant admits only that Debtor-Plaintiff consolidated her student loans around May 2018. As to any other allegations in Paragraph 14, Defendant lacks knowledge or information to admit or deny; if a response is required, Defendant denies them.

15. Defendant lacks knowledge or information to admit or deny the allegations in Paragraph 15. If a response is required, Defendant denies the allegations.

16.     Defendant admits only that Debtor-Plaintiff's estimated outstanding debt is roughly correct (albeit slightly underestimated). As to any other allegations in Paragraph 16, Defendant lacks knowledge or information to admit or deny; if a response is required, Defendant denies them.

17.     Defendant lacks knowledge or information to admit or deny the allegations in Paragraph 17. But as Defendant understands it, Debtor-Plaintiff's payments under a Standard Repayment Plan would be around $852 per month. If a response is required, Defendant denies the allegations.

18.     Defendant lacks knowledge or information to admit or deny the allegations in Paragraph 18. If a response is required, Defendant denies the allegations.

19.     Defendant lacks knowledge or information to admit or deny the allegations in Paragraph 19. If a response is required, Defendant denies the allegations.

20.     Defendant lacks knowledge or information to admit or deny the allegations in Paragraph 20. If a response is required, Defendant denies the allegations.

21.     Defendant reincorporates by reference its responses to Paragraphs 1 through 20.

22.     Paragraph 22 is a legal conclusion to which no response is required. If a response is required, Defendant denies the allegations.

23.     Paragraph 23 is a legal conclusion to which no response is required. If a response is required, Defendant denies the allegations.

24.     Paragraph 24 is a request for relief to which no response is required. If a response is required, Defendant denies the allegations.

25. Paragraph 25 contains requests for relief to which no response is required. If a response is required, Defendant denies the allegations.

If any allegations are not specifically admitted or denied above, they are denied.

### B. Affirmative Defense

Defendant has the following Affirmative Defense to Debtor-Plaintiff's claim:

1. Debtor-Plaintiff failed to perfect service on Defendant. Specifically, Debtor-Plaintiff did not yet serve the United States Attorney or Attorney General—as required. Local Rule 7001-1(c); Fed. R. Bankr. P. 7004(a)(1) (adopting Fed. R. Civ. P. 4(i)), 7004(b)(4)-(5) (explaining service on United States and its officers or agencies). To expedite a resolution, Defendant provided notice and an opportunity to cure the defect. However, it raises this issue to preserve the defense. While technical, failure of service means the Court fails to acquire personal jurisdiction over a party. *E.g.*, Fed. R. Bankr. P. 7004(f). So Defendant may later pursue this defense if the defect is not fixed within a reasonable time.

WHEREFORE, having Answered the Complaint, Defendant prays that Debtor-Plaintiff take nothing, the pleading gets dismissed, and judgment be awarded for Defendant—together with costs and such other and further relief as the Court deems appropriate.

**[Intentionally left blank]**

Date: October 18, 2023	Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

_____
Kevin R. Huguelet
Assistant United States Attorney
Kevin.Huguelet@usdoj.gov
Florida Bar Number 125690
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Phone: (239) 461-2237