UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re: MICHELE NICOLE DURHAM,

    Debtor,                                        Ch. 7 Case No. 2:22bk00990-FMD

_____/

MICHELE NICOLE DURHAM,

    Plaintiff,

v.                                                Adv. Pro. No. 2:23ap00028-FMD

UNITED STATES OF AMERICA
DEPARTMENT OF EDUCATION,

    Defendant.

_____/

**Unopposed Motion to Stay Case or Suspend All Deadlines**

Defendant United States of America (on behalf of the Department of Education ("DOE")) requests the Court either stay this case or continue and suspend all deadlines for 120 days. Specifically, Defendant asks the Court to withhold a scheduling order and excuse compliance with any deadlines at this point while the parties focus on determining if they can stipulate on undue hardship. In other words, Defendant seeks to freeze the case in time to comply with the new Department of Justice ("DOJ") Guidance on these actions. Debtor-Plaintiff agrees with Defendant's requested relief.

This is an action to discharge Debtor-Plaintiff's student loan debt. As the Court knows, the DOJ released new Guidance on how it will proceed in these actions. (Ex.

1). At bottom, the Guidance tasks DOE, an AUSA, and debtor-plaintiff with working together to decide if there should be a stipulation and recommendation on the allegation of undue hardship.

Simplified down, this process detailed by the Guidance proceeds in six steps: (1) AUSA provides a DOJ attestation form and certain relevant documents (if available); (2) debtor-plaintiff completes the attestation and provides documentation (if necessary); (3) AUSA reviews the attestation, follows up with any questions, makes a recommendation, then forwards the packet to DOE; (4) DOE analyzes the packet and makes its recommendation; (5) the file returns to the DOJ for a final decision on whether to stipulate; then (6) the parties return to the Court—which retains ultimate authority to decide the undue hardship issue.

This process preserves the resources of the Court and parties alike. In particular, the Guidance allows an early chance to stipulate on the central legal question without Court involvement. Given DOE's significant workload, however, it currently requires three or four months (from the day it receives the attestation packet) to make a recommendation. As a result, the parties agree a stay or suspension of all deadlines for 120 days would allow them to focus on complying with the Guidance and work towards a possible resolution. *See Molinaro v. DOE*, No. 8:23ap00080-RCT, Doc. 17 (Bankr. M.D. Fla. Sept. 15, 2023) (granting unopposed motion to extend deadlines for 120 days).

Notably, the parties have been diligent in this action. The case is about one-month old. In that time, Debtor-Plaintiff served DOE; DOE provided loan documents

to DOJ; and DOJ sent Debtor-Plaintiff the attestation, guidance, and loan documents. Debtor-Plaintiff will now begin working on the attestation as outlined in the Guidance.

For those reasons, the Court should grant the Motion and stay the case or suspend all deadlines and delay entering a scheduling order for 120 days.

## Conferral Certification

Defendant conferred with Debtor-Plaintiff by email on October 17. Debtor-Plaintiff does not oppose the relief requested.

Date: October 18, 2023

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

_____
Kevin R. Huguelet
Assistant United States Attorney
Kevin.Huguelet@usdoj.gov
Florida Bar Number 125690
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Phone: (239) 461-2237